## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

MARK D. ARMSTRONG,       )
                                 )
               Plaintiff,    )
                                 )
                                 )   Case No. CIV-18-187-RAW-KEW
                                 )
COMMISSIONER OF THE SOCIAL    )
SECURITY ADMINISTRATION,      )
                                 )
               Defendant.    )

## REPORT AND RECOMMENDATION

Plaintiff Mark D. Armstrong (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of

such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States

---

[1]    Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 49 years old at the time of the decision. He has a limited education and worked in the past as a brake press operator, custodian, dishwasher, and rancher. Claimant alleges an inability to work beginning on January 25, 2008, due to carpal tunnel syndrome, a torn anterior cruciate ligament ("ACL") and medial collateral ligament ("MCL") in his left knee, and problems with his back, right ankle, and left shoulder.

## Procedural History

On March 20, 2009, Claimant protectively filed an application for supplemental security income benefits pursuant to Title XVI (42 U.S.C. 1381, *et seq.*) of the Social Security Act. Claimant's

3

application was denied initially and upon reconsideration. On December 11, 2010, Administrative Law Judge ("ALJ") Edward L. Thompson entered an unfavorable decision. Claimant appealed the matter, and the case was reversed and remanded by United States Magistrate Judge Steven P. Shreder on September 26, 2013. On January 7, 2014, the Appeals Council remanded the case pursuant to the district court's order.

ALJ Thompson conducted a video hearing in Oklahoma City, Oklahoma, on November 3, 2014. Claimant appeared and testified in Ardmore, Oklahoma. On February 19, 2015, the ALJ entered an unfavorable decision. Claimant requested review by the Appeals Council, and on April 13, 2018, it denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform light work, with limitations.

### Errors Alleged for Review

Claimant asserts the ALJ committed error because (1) he failed to properly develop the record; (2) the credibility findings are not supported by substantial evidence; (3) he failed to develop

4

and follow vocational expert testimony; and (4) the decision was rendered by an ALJ whose appointment was invalid at the time he rendered the decision.

### Development of the Record

In his decision, the ALJ found Claimant suffered from severe impairments of lumbar spondylosis, torn left knee ACL and MCL, left shoulder pain, right ankle pain, status post right forearm surgical hardware placement, and status post bilateral carpal tunnel releases. (Tr. 506). He determined Claimant could perform light work with additional limitations. In so doing, the ALJ found Claimant could occasionally lift and/or carry (including upward pulling) twenty pounds; frequently lift and/or carry (including upward pulling) twenty pounds; stand (with normal breaks) for a total of four hours in an eight-hour workday, but every hour Claimant must sit for five minutes, but could continue performing work while seated. Claimant could sit (with normal breaks) for a total of six hours in an eight-hour workday, but every hour, Claimant must stand for five minutes and could continue performing work while standing. He could occasionally stoop, kneel, crouch, and crawl, and frequently climb ramps and stairs. Claimant could never climb ladders, ropes, or scaffolds. He could frequently balance, but could have no exposure to heavy vibration such as a jackhammer or a device that chips brick out of a wall. Claimant's ability to handle bilaterally was unlimited, and he could

5

frequently finger bilaterally.  He could not reach above his head bilaterally, but has unlimited reaching in all other directions (except overhead bilaterally).  (Tr.508-09).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of bagger, usher, semi-automatic sewing machine operator, and bench assembler, all of which the ALJ found existed in sufficient numbers in the national economy. (Tr. 517-18).  As a result, the ALJ concluded Claimant has not been under a disability since March 20, 2009, the date of the filing of the application.  (Tr. 518).

Claimant contends that because his case has been pending since 2009, the ALJ should have ordered a more current consultative examination by a pain specialist to determine his true level of impairment. He contends that a consultative examination was requested in writing in June of 2010, but the ALJ ignored the request. Claimant further contends that at his most recent hearing, the medical expert noted that the record did not contain records from an orthopedist or a neurologist.

The record reveals that as part of a prior proceeding, Claimant underwent consultative examinations in 2005 and 2006 and another consultative examination associated with his current application in July of 2009.  (Tr. 325-30, 387-93, 408-15). The record also has numerous treatment records from Claimant's physicians.  The ALJ relied upon a medical expert, an orthopedic

surgeon, at Claimant's most recent hearing to review those records, provide testimony regarding those records, and provide an opinion based upon those records of Claimant's functional limitations. (Tr. 536-59).

The ALJ "'bears responsibility for ensuring that an adequate record is developed during the disability hearing consistent with the issues raised.'" *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008), quoting *Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004). This responsibility involves "obtaining pertinent, available medical records which come to [the ALJ's] attention during the course of the hearing." *Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996). An ALJ has broad latitude when deciding whether to order a consultative examination. *Hawkins*, 113 F.3d at 1166, citing *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 778 (10th Cir. 1990). "Ordinarily, the claimant must in some fashion raise the issue sought to be developed, which, on its face, must be substantial[.] . . . When the claimant has satisfied his or her burden in that regard, it then, and only then, becomes the responsibility of the ALJ to order a consultative examination if such an examination is necessary or helpful to resolve the issue of impairment." *Id*. at 1167 (citations omitted). However, when a claimant is represented by counsel, "the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are

7

adequately explored. Thus, in a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development." *Id.*

At the first administrative hearing, Claimant's counsel discussed the possibility of another consultative examination with the ALJ. The ALJ did not ignore the request, but he took it under advisement, reserving his ruling on the request until he heard all the hearing testimony. He indicated that after the hearing, he would make the determination of whether to send Claimant for another examination. (Tr. 100-01). At the second administrative hearing, following the reversal and remand from the district court, Claimant's counsel did not make a request for a consultative examination and had no objection to the exhibits admitted as part of the record. (Tr. 529-30, 528-602). Claimant has not demonstrated any error by the ALJ for failing to further develop the record.

### Credibility Determination

Claimant also contends the ALJ's evaluation of his credibility is conclusory, as the ALJ did not properly link his findings to the evidence in the record.

Deference must be given to an ALJ's evaluation of Claimant's credibility, unless there is an indication the ALJ misread the medical evidence as a whole. *See Casias*, 933 F.2d at 801. Any findings by the ALJ "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of

8

findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted).  The ALJ's decision "must contain specific reasons for the weight given to the [claimant's] symptoms, be consistent with and supported by the evidence, and be clearly articulated so the [claimant] and any subsequent reviewer can assess how the [ALJ] evaluated the [claimant's] symptoms."  Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *10.  However, an ALJ is not required to conduct a "formalistic factor-by-factor recitation of the evidence[,]" but he must set forth the specific evidence upon which he relied.  *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

As part of his evaluation of Claimant's credibility, the ALJ noted the two-step process for the evaluation of symptoms. (Tr. 509). He determined Claimant's medically determinable impairments could reasonably cause his alleged symptoms, but he found that Claimant's statements regarding the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the evidence in the record. (Tr. 513). In making these determinations, the ALJ summarized the medical evidence, Claimant's testimony, and reports of symptoms in detail.  He made references from the record showing Claimant's complaints were inconsistent with the medical findings and somewhat exaggerated (Tr. 509-11). He noted inconsistencies between Claimant's testimony and information provided by Claimant on his disability

9

report. (Tr. 512). The ALJ further referenced Claimant's daily activities, finding Claimant's level of activity was not consistent with his allegations of disabling impairments. (Tr. 514). The Court finds no error with the ALJ's assessment of Claimant's credibility, as it is supported by the medical record.

### Development of Vocational Expert Testimony

Claimant contends the ALJ failed to include all Claimant's limitations in the hypothetical questions to the VE. He also asserts the ALJ suggested jobs to the VE during his testimony, making the VE's testimony "highly suspicious." He further argues the ALJ should have considered additional vocational factors based upon Claimant's living in a rural area and having limitations for driving long distances.

"Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991). In positing a hypothetical question to the VE, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ. *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record. *Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996). Moreover, Defendant bears the burden at step five of the sequential analysis.

*Hargis*, 945 F.2d at 1489.

The Court finds no error in the ALJ's questioning of the VE. The hypothetical questions to the VE included those limitations found to exist by the ALJ and included in the RFC. *See Qualls*, 206 F.3d at 1373 (finding an ALJ's hypothetical questioning of the VE provided an appropriate basis for a denial of benefits because the question "included all the limitations the ALJ ultimately included in his RFC assessment."), citing *Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993). Moreover, although the ALJ questioned the VE about the semi-automatic sewing machine operator and bench assembler jobs, the VE provided information from the Dictionary of Occupational Titles ("DOT") and ultimately determined that based upon the limitations included in the hypothetical questions, Claimant could perform the jobs. (Tr. 590-95). Finally, the relevant consideration when determining whether a significant number of jobs are available to Claimant is the number of jobs available in the national economy. *See Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009) ("[T]he controlling statutes, federal regulations, and case law all indicate that the proper focus generally must be on jobs in the national, not regional economy[.]"). There is no error in the ALJ's step-five determination.

### Remand for Consideration of Properly Appointed ALJ

Claimant contends the ALJ who issued the decision in this case was not properly appointed under the Appointments Clause of the United States Constitution. This issue arose as a result of the United States Supreme Court's decision in *Lucia v. Securities and Exchange Comm'n*, ___ U.S. ___, 138 S.Ct. 2044, 201 L.Ed.2d 464 (2018). In *Lucia*, the Supreme Court determined that administrative law judges with the Securities and Exchange Commission were "officers of the United States" who had to be but were not appointed in accordance with the requirements of the Appointments Clause. There appears to be little dispute that the ALJ in this case was not appointed in compliance with the Appointments Clause until the Commissioner ratified the appointment of Social Security Administration ALJs on July 16, 2018. 84 Fed.Reg. 9582-02 (Mar. 15, 2019). The issue presented before this Court surrounds only whether Claimant's raising of the issue of appointment in his opening brief in this appeal in the first instance is timely.

A split of authority exists around the country on the requirement that this issue be raised in a timely fashion at the administrative level. *Compare Rabache v. Saul*, 2019 WL 7288873, at *3 (D.N.M. Dec. 30, 2019); *Klotz v. Saul*, 2019 WL 4119159(D. Utah Aug. 12, 2019); *Heather M. H v. Berryhill,* 2019 WL 2305951, at *2 (D. Utah Apr. 29, 2019)*, report and recommendation adopted sub*

12

*nom. Heather M.H. v. Berryhill,* 2019 WL 2297706 (D. Utah  May 30, 2019); *Kabani & Company, Inc. v. U.S. Securities & Exchange Commission*, 733 Fed. Appx. 918, 919 (9th Cir. Aug. 13, 2018); *Faulkner v. Commissioner of Social Security*, 2018 WL 6059403, at *2-3 (W.D. Tenn. Nov. 19, 2018); *Page v. Commissioner of Social Security*, 2018 WL 5668850 at *2-3 (E.D. Mich. Oct. 31, 2018); *Salmeron v. Berryhill*, 2018 WL 4998107 at *3 n.5 (C.D. Cal. Oct. 15, 2018); *Garrison v. Berryhill*, 2018 WL 4924554 at *2 (W.D. N.C. Oct. 10, 2018); *Davidson v. Commissioner of Social Security*, 2018 WL 4680327 at *1-2 (M.D. Tenn. Sept. 28, 2018); *Stearns v. Berryhill*, 2018 WL 4380984 at *4-6 (N.D. Iowa, Sept. 14, 2018); *Davis v. Commissioner of Social Security*, 2018 WL 4300505 at *8-9 (N.D. Iowa, Sept. 10, 2018); *Pearson v. Berryhill*, 2018 WL 6436092, at *4 (D. Kan. Dec. 7, 2018) *with Lenece v. Saul*, 2020 WL 1065720, at *1 (N.D. Okla. Mar. 5, 2020); *McCray v. Soc. Sec. Admin.*, 2020 WL 429232, at *14 (D.N.M. Jan. 28, 2020); *Dove-Ridgeway v. Berryhill*, 2020 WL 109034, at *1 (D. Del. Jan. 9, 2020); *Kim L. M. v. Saul,* 2019 WL 3318112 (N.D. Okla. July 24, 2019).

Without belaboring the reasoning that other courts have already belabored, this Court finds the more reasoned view supports the remand of this case for consideration by a constitutionally appointed administrative law judge. In particular, this Court finds persuasive and well-reasoned the decisions in *McCray* and

*Lenece*. In both decisions, the courts found the United States Supreme Court's position in *Sims v. Apfel*, 530 U.S. 103 (2000) controlled. In that case, the Supreme Court determined that a claimant did not have to exhaust by raising a claim at the Appeals Council level in order to raise the issue on appeal. *Id*. at 108. It did not specifically address whether the same reasoning applied to issues not raised before the ALJ, but this Court perceives no rational basis to fail to apply the rule at that level as well. As a result, this case will be remanded to be considered by a properly appointed ALJ.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of the Social Security Administration should be REVERSED and the case REMANDED for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 12th day of March, 2020.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE