IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK D. ARMSTRONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-187-RAW-KEW |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the court is the objection of the defendant to the Report and Recommendation of the United States Magistrate Judge. Magistrate Judge West found there was no error in the ALJ's substantive determination, but that remand was nevertheless required because the ALJ was not properly appointed under the Appointments Clause of the United States Constitution. The government objects on the ground that plaintiff did not raise his argument at the administrative level and has therefore forfeited it.

This is an issue presently dividing the courts. The multiple decisions have formed into a "majority" view and a "minority" view. Both views are based on reasonable interpretations of the pertinent authority. Magistrate Judge West followed the minority view, finding that a claimant did not have to raise the claim at the administrative level. (#17 at 14).

In *Lucia v. SEC,* 138 S.Ct. 2044 (2018), the Supreme Court held that ALJs in the Securities and Exchange Commission were required to be appointed pursuant to the Appointments Clause. Because the ALJs of the SEC were not so appointed, the petitioner

was entitled to a new hearing before a different constitutionally-appointed ALJ.  *Id.* at 2055. The Supreme Court expressly noted, however, that petitioner had made a "timely" challenge at the administrative level.  *Id.*  "Although *Lucia* did not explicitly address the constitutionality of ALJs employed by the Social Security Administration, courts have accepted that the Supreme Court's reasoning applies to ALJs presiding over social security hearings."  *O'Dell v. Saul,* 2019 WL 4685415, *1 (M.D.Tenn.2019).

Although within the minority view, the only decision by a court of appeals on this precise issue held that timely exhaustion of an Appointments Clause challenge was not required in the Social Security context.  *See Cirko v. Comm'r of Soc. Sec.,* 948 F.3d 148 (3rd Cir.2020).  The court found that exhaustion was generally inappropriate "where a claim serves to vindicate constitutional claims like Appointments Clause challenges, which implicate both individual constitutional rights and the structural imperative of separation of powers."  *Id.* at 154.

A different view on this general issue (albeit in the context of SEC ALJs) was expressed in *Gonnella v. United States Sec. & Exch. Comm'n,* 954 F.3d 536, 543 (2d Cir.2020)("'[O]rderly procedure and good administration require that objections to the proceedings of an administrative agency be made while [the agency] has opportunity for correction in order to raise issues reviewable by the courts.'" . . . Constitutional claims are no different.")(citations omitted).  The court held that "a litigant who does not object to the

constitutionality of an ALJ at any point during the SEC proceedings forfeits that challenge." *Id.  See also Kabani & Co., Inc. v. SEC,* 733 Fed.Appx. 918, 919 (9th Cir.2018).

The Tenth Circuit is not to the contrary.  *See Malouf v. SEC,* 933 F.3d 1248, 1255 (10th Cir.2019)(appellant forfeited any argument based on Appointments Clause by not raising it in the underlying SEC proceedings).  "Appointments Clause challenges are nonjurisdictional and may be waived or forfeited."  *Turner Bros., Inc. v. Conley,* 757 Fed.Appx. 697, 700 (10th Cir.2018).  There, the court held that claimant forfeited an Appointments Clause challenge based on *Lucia* by failing to raise it to the agency, in that case the Department of Labor Benefits Review Board.

The distinction has been made that "there is no statutory or regulatory exhaustion requirement that governs SSA proceedings."  *Cirko,* 948 F.3d at 153.  Indeed, the court in *Malouf* noted that "underlying securities laws expressly require issue exhaustion." 933 F.3d at 1256.  The court in *Conley*, however, did not make a similar statement regarding the Department of Labor Benefits Board, but still found waiver.  Courts of the minority view have also cited *Sims v. Apfel,* 530 U.S. 103 (2000), in which the Supreme Court addressed the question of whether a claimant seeking judicial review of a denied Social Security claim waives any issue the claimant failed to include in a request for review before the Appeals Council.  The Court rejected such a requirement, but stated "[w]hether a claimant must exhaust issues before the ALJ is not before us."  *Id.* at 107.

Clearly, "*Sims* does not stand for the proposition that Social Security claimants may raise arguments for the first time to district courts without first presenting the arguments to ALJs." *Reese v. Saul,* 2020 WL 2542008, *5 (D.N.M.2020). The issue is extension of the precedent. This court declines to apply *Sims*'s rationale to the case at bar. *Cf. Shaibi v. Berryhill,* 883 F.3d 1102, 1109 (9th Cir.2017). "Although the SSA statutes and regulations do not include an express exhaustion requirement, the regulations do impose certain requirements on claimants appearing at the administrative level, including the requirement that any objections to the ALJ be raised 'at your earliest opportunity.' 20 C.F.R. 404.940." *Danielle R. v. Comm'r of Soc. Sec.,* 2020 WL 2062138, *6 (N.D.N.Y.2020). This court adopts the majority view, that "plaintiff was still required to raise the Appointments Clause issue at the agency level prior to raising it in federal court . . . " *Id.* The general analysis for this conclusion is also presented in such decisions as *Pearson v. Berryhill,* 2018 WL 6436092, **3-4 (D.Kan.2018). Other district courts within the Tenth Circuit have followed or departed from this conclusion, but the Tenth Circuit will resolve the matter in due course.

As stated, the Magistrate Judge found that there was no error in the ALJ's analysis on the merits, which found claimant was not disabled. Accordingly, the agency decision below will be affirmed.

It is the order of the court that the Report and Recommendation (#17) of the United States Magistrate Judge is affirmed in part and reversed in part. The decision of the Commissioner of the Social Security Administration, denying claimant's application for disability benefits under the Social Security Act, is affirmed.

**ORDERED THIS 26th DAY OF MAY, 2020.**

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma